## James Mann *vs.* David Brewer.

A claim for rent, as one item of an account annexed, may be amended, under Gen. Sts. c. 129, §§ 41, 82, by substituting therefor a count upon the covenants of a written lease; and the decision of a judge of the superior court allowing such amendment is conclusive evidence of the identity of the cause of action declared upon in the new count with that which was intended to be covered by the item of the account annexed.

CONTRACT upon an account annexed. One item of the account was for "three years' shop rent, $240." After the case had been sent to an auditor, *Brigham*, J. granted leave to the plaintiff, in the superior court, to amend the declaration, by adding a count upon a written lease for the rent. The defendant objected to this amendment, on the ground that it set up a new cause of action, and alleged exceptions to the order of the court allowing it to be made.

*T. G. Kent*, for the defendant.

*E. Worthington*, for the plaintiff, was not called upon.

BIGELOW, C. J.   Under the provisions of the practice act, Gen. Sts. *c.* 129, §§ 41, 82, no exception to the ruling of the court, allowing the plaintiff to amend his declaration by filing a new count, is open to the defendant.   By the first of the two sections above cited it is provided that amendments may be allowed changing the form of action, or in any other matter either of form or substance which may enable the plaintiff to maintain the action for the cause for which it was intended to be brought.   As we understand the purpose and effect of this provision, it authorizes the court before which an action is pending, in the exercise of a judicial discretion, to permit any amendment to be made which may be necessary in order to avoid any technical objection to the form of action, so that a plaintiff may recover the debt or claim for which he originally commenced his suit, however it may have been misdescribed, and notwithstanding he may have wholly mistaken the proper form of remedy. If, for example, a party should bring an action of tort, in a case where the declaration should have been in contract, or if an action of contract in the nature of *indebitatus assumpsit* should be brought instead of one for a breach of covenants, in these and other like cases it would be clearly competent for the court to allow any amendments suitable for or adapted to the nature of the claim which it was the original object of the action to enforce.   In the exercise of this power by the court, it may often become necessary to enter into an inquiry of fact, in order to ascertain and determine whether the debt or claim which a plaintiff may seek to bring in under a proposed amendment is identical with that which he or his counsel intended to prosecute when the action was commenced, although it was imperfectly or erroneously set out in the original declaration.   This provision of the statute created an essential change in the power and practice of the court in allowing amendments.   Before its enactment, the court did not go beyond the record to ascertain whether an amendment proposed was for an additional or different cause of action from that set out in the original declaration.   The question was determined by comparing the new with the old count.   But the statute greatly enlarged the scope

of the inquiry, by introducing the intention of the party in bringing his suit as the important element by which the court is to be governed in the exercise of the power of allowing amendments by changing the form of action or otherwise. Hence arose the necessity of the provisions contained in § 82 of the statute, which is to be construed in connection with the previous section already quoted. It is therein enacted that " the cause of action shall be deemed to be the same for which the action was brought, when it shall be made to appear to the court that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed ; and the adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the cause of action." The object of this provision is manifest. Under our judicial system, parties in actions at law are not allowed to carry up cases to the tribunal of last resort for a revision of the finding of the court below on questions of fact. The right of appeal or exception is limited to decisions on questions of law. It was to avoid the anomaly of allowing parties to seek for a revision of conclusions on matters of fact arising on an incidental inquiry, not involving the real merits of a cause, that the enactment in § 82 was designed. The allowance of the amendment is made conclusive of the identity of the claim or demand set out in the amendment with that which was described in the original declaration.

The case at bar furnishes a good illustration of the practical operation of the rule thus established. The claim set out in the original declaration was for use and occupation of certain premises. But it appeared that the defendant occupied the premises under a written lease, which had been executed as his deed, under seal. It is true that in law a count for use and occupation and for a breach of covenant for non-payment of rent constitute different causes of action. But if it was made to appear to the court that the claim which the plaintiff intended to prosecute was for rent of the premises during a certain fixed period of time, and that by mistake or inadvertence of himself or his counsel the lease was overlooked or forgotten at the time the

original declaration was drawn, it was competent for the court below to find as a matter of fact that there was but one substantial claim against the defendant in favor of the plaintiff for the occupation of the premises, and that this was for rent under the lease, and was the cause of action which was intended to be described in the original count. On such finding the court might well allow an amendment, setting out a claim for rent under the covenant in the lease. To such allowance the plaintiff is not entitled to except.	*Exceptions overruled.*